Curia, per Frost, J.
The first ground of appeal insists that the sureties to a joint and several note may except to the coverture of the principal debtor, in discharge of their liability. It is true, as a general rule, that the extinction of the principal obligation extinguishes that of the surety. But a distinction must be observed between such exceptions to the contract as are personal to the principal, and such as affect the contract itself. Fraud, illegality or mistake, which may rescind the contract of the principal, induces the discharge of the sureties ; but if the invalidity of the contract rests upon reasons personal to the princi- ■ pal, in the nature of a privilege or protection, the principal acquires a personal defence against the contract, which notwithstanding subsists and may charge the sureties. The minority of the principal does not discharge the sureties. In Maggs vs. Ames, 4 Bingh. 470, it was held that the parties to a guaranty of the payment of goods, to to be supplied to a married woman, were responsible. The liability of the surety in such case, may be supported on the ground that he shall not protect himself by alleging the incompetency of the supposed principal; which may have been the very motive with the other contracting party for requiring security; and by analogy to the law of principal and agent, the surety may be held liable as prin *592 cipal, for an engagement he has made in behalf of one who was incompetent to contract.
The defence of fraud made by Adams, rests on the proof that, at the time he consented to join in the note, Smyley told him that his signature was only wanted as a form, to comply with the order of the ordinary. It is so common for the party served, in order to relieve the weight of the obligation, and quiet the apprehensions of the surety, to represent the act as necessary only in compliance with a formal requirement, that it cannot readily be supposed any person is defrauded by such a representation. It is too palpably inconsistent with the act of the party to be charged, to admit a belief that he has been imposed upon ; and if allowed to discharge such contracts, they would serve no purpose of security. It was after Adams had consented to sign the note, that Smyley said to him, it would be paid from Margaret Head’s share of the estate. Adams was not therefore induced by this statement to become her surety, and cannot allege it as a fraudulent misrepresentation to discharge him. If it could be construed into a promise by Smyley, it was gratuitous ; but it seems to have been merely an expectation of payment from that source, which Smyley held out to Adams; and not a conditional engagement in consideration of which Adams joined in the note. The motion is refused.
Richardson, Evans and Wardlaw, JJ. concurred.
O’Neall, J. I dissent as to the liability of Adams.